IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | C O M P L A I N T |
| AREA FOUR SENIOR CITIZENS PLANNING ) COUNCIL, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

FILED
JUL 29 2011
CLERK

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Eileen Job ("Job") who was adversely affected by such practices. As alleged with greater particularity in paragraph 9 below, Eileen Job's employment was unlawfully terminated by her employer, Defendant Area Four Senior Citizens Planning Council, Inc. ("Area Four") because it regarded her as disabled due to her cancer and chemotherapy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Dakota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Area Four has continuously been a corporation organized under the laws of the State of South Dakota, and has continuously been doing business in the State of South Dakota and the City of Aberdeen, and has continuously had at least 80 employees.

5. At all relevant times, Defendant Area Four has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Area Four has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Eileen Job filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Area Four. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about June 19, 2008, Defendant Area Four engaged in unlawful employment practices at its Bowdle, South Dakota facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112.

9. Eileen Job was an assistant cook at Defendant Area Four's Bowdle, South Dakota facility, where Job assisted in the preparation and serving of meals to senior citizens. Job was diagnosed with colon cancer in early 2008. Following surgery in April 2008, Job was scheduled to receive chemotherapy until November 2008. Job was prepared to return to work in June 2008 and could have performed the essential functions of her job. Rather than allow her to return to work, Defendant Area Four terminated Job from her employment. Defendant Area Four regarded Job as disabled by her cancer and chemotherapy in the major life activity of working. Defendant Area Four perceived Job as being unable to perform her job at Defendant Area Four's facility and as being unable to perform a broad class of jobs due to her cancer and chemotherapy.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Eileen Job of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Eileen Job.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Area Four, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

3

engaging in any employment practice which discriminates on the basis of disability.

  B. Order Defendant Area Four to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Area Four to make whole Eileen Job, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Eileen Job.

  D. Order Defendant Area Four to make whole Eileen Job by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including out-of-pocket losses including job search expenses, in amounts to be determined at trial.

  E. Order Defendant Area Four to make whole Eileen Job by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Area Four to pay Eileen Job punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> P. David Lopez
> General Counsel
>
> James Lee
> Deputy General Counsel
>
> Gwendolyn Young Reams
> Associate General Counsel
>
> Equal Employment Opportunity Commission
> 1801 L Street, N.W.
> Washington, D.C. 20507
>
> _____
> John C. Hendrickson
> Regional Attorney
>
> _____
> Jean P. Kamp
> Associate Regional Attorney
>
> Equal Employment Opportunity Commission
> Chicago District Office
> 500 West Madison Street, Suite 2800
> Chicago, Illinois 60661
> (312) 869-8099
> Fax: (312) 869-8124
>
> _____
> Jessica A. Palmer-Denig (MN #0298281)
> Trial Attorney
>
> Equal Employment Opportunity Commission
> Minneapolis Area Office
> 330 Second Avenue South, Suite 430
> Minneapolis, Minnesota 55401
> (612) 335-4061
> Fax: 335-4044